PAMELA C. CHALK (Bar No. 216411)
pamchalk@doctormultimedia.com
Chief Litigation Counsel
Doctor Multimedia
8070 La Jolla Shores Drive #528
La Jolla, CA 92037
Tel: 619-788-8858

Attorneys for GOPHER MEDIA LLC
(formerly known as Local Clicks), dba Doctor
Multimedia

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

GOPHER MEDIA LLC (formerly
known as Local Clicks), dba Doctor
Multimedia, a Nevada Limited
Liability Corporation,

Plaintiff,

v.

ROYA.COM LLC, a Delaware
Limited Liability Company; OD'S
ON FINANCE LLC, a California
Limited Liability Company; DAT
BUI, an individual; AARON
NEUFELD, an individual; JULIE
PHAN, an individual;
CHRISTOPHER LOPEZ, an
individual; MOHAMMED RANJI
AKA "MO RANJI", an individual;
JOHN DOE, believed to be an
individual or a business entity; and
Does 2-10

Defendants.

CASE NO.: **'23CV0834 H    MSB**

**COMPLAINT FOR:**

1) **UNFAIR BUSINESS PRACTICES;**
2) **FALSE ADVERTISING UNDER SECTION 43(a) OF THE LANHAM ACT;**
3) **COMMERCIAL DEFAMATION/TRADE LIBEL; AND,**
4) **TRADEMARK INFRINGEMENT**

**JURY DEMANDED**

**COMES NOW** PLAINTIFF GOPHER MEDIA LLC formerly known as

FKA Local Clicks), dba Doctor Multimedia (hereafter "Doctor Multimedia" or

"DMM" or "Gopher Media LLC" or "Plaintiff") who complains and alleges as

follows against ROYA.COM LLC ("Roya"),  a Delaware Limited Liability

Company; OD'S ON FINANCE LLC ("ODOF"), a California Limited Liability

Company; DAT BUI ("Bui"), an individual; AARON NEUFELD ("Neufeld"), an individual; JULIE PHAN ("Phan"), an individual; CHRISTOPHER LOPEZ ("Lopez"), an individual; MOHAMMED RANJI AKA "MO RANJI ("Ranji"), an individual;  JOHN DOE ("John Doe"), believed to be an individual or a business entity; and Does 2-10individual;  and Does 1-10  (collectively the "Defendants") as follows:

## THE PARTIES

1.      At all times relevant herein, Plaintiff GOPHER MEDIA LLC (formerly known Local Clicks), dba Doctor Multimedia (hereafter "Doctor Multimedia" or "DMM" or "Gopher Media LLC") was and is a limited liability company incorporated in the State of Nevada with an address of 4471 Dean Martin Drive, # 2009, Las Vegas, Nevada 89103.   Doctor Multimedia also operates and does business in the State of California, County of San Diego, City of La Jolla from an office located at 8070 La Jolla Shores Drive, # 528, La Jolla, CA 92037.

2.      Upon information and belief and thereupon so alleged, at all times relevant, Defendant ROYA.COM LLC ("Roya" is and was a Delaware business entity located and doing business in the City of San Diego, County of San Diego, State of California. Upon information and belief and thereupon so alleged, at all times relevant Roya's address was and is 6364 Ferris Square Suite 100, San Diego, CA 92121. Upon information and belief and so alleged, Defendant Roya committed the acts complained of herein with the intention of causing effects in the County of San Diego, State of California.  Further, Plaintiff alleges that Defendant Roya: (1) did and does business in the State of California with respect to causes of action arising out of that business; (2) did business in the State of California, before this action was brought with respect to causes of action arising out of that business; and/or (3) does business in the State of California with respect to causes of action that do not arise from that business, but said business   is so continuous and substantial as to make the exercise of jurisdiction reasonable over it.

3.     Upon information and belief and thereupon so alleged, at all times relevant, Defendant OD'S ON FINANCE LLC ("ODOF") is and was a California business entity located and doing business in the City of Los Altos, State of California. Upon information and belief and thereupon so alleged, at all times relevant ODOF 's address was and is 133 Second Street, Los Altos, CA 94022. Upon information and belief and so alleged, Defendant ODOF committed the acts complained of herein with the intention of causing effects in the County of San Diego, State of California.  Further, Plaintiff alleges that Defendant ODOF: (1) did and does business in the State of California with respect to causes of action arising out of that business; (2) did business in the State of California, before this action was brought with respect to causes of action arising out of that business; and/or (3) does business in the State of California with respect to causes of action that do not arise from that business, but said business  is so continuous and substantial as to make the exercise of jurisdiction reasonable over it.

4.     Upon information and belief and thereupon so alleged, at all times relevant, Defendant DAT BUI ("Bui") is an individual residing in and doing business in the City of Union City, County of Alameda, State of California. Upon information and belief and so alleged, Defendant Bui committed the acts complained of herein with the intention of causing effects in the County of San Diego, State of California. Further, Plaintiff alleges that Defendant Bui: (1) did and does business in the State of California with respect to causes of action arising out of that business; (2) did business in the State of California, before this action was brought with respect to causes of action arising out of that business; and/or (3) does business in the State of California with respect to causes of action that do not arise from that business, but said business  is so continuous and substantial as to make the exercise of jurisdiction reasonable over him.

5.     Upon information and belief and thereupon so alleged, at all times relevant, Defendant AARON NEUFELD ("Neufeld") is an individual residing in

and doing business in the City of Los Altos, State of California. Upon information and belief and so alleged, Defendant Neufeld committed the acts complained of herein with the intention of causing effects in the County of San Diego, State of California.   Further, Plaintiff alleges that Defendant Neufeld: (1) did and does business in the State of California with respect to causes of action arising out of that business; (2) did business in the State of California, before this action was brought with respect to causes of action arising out of that business; and/or (3) does business in the State of California with respect to causes of action that do not arise from that business, but said business  is so continuous and substantial as to make the exercise of jurisdiction reasonable over him.

6.   Upon information and belief and thereupon so alleged, at all times relevant, Defendant JULIE PHAN ("Phan") is an individual residing in and doing business in the City of Los Altos, State of California. Upon information and belief and so alleged, Defendant Phan committed the acts complained of herein with the intention of causing effects in the County of San Diego, State of California.  Further, Plaintiff alleges that Defendant Phan: (1) did and does business in the State of California with respect to causes of action arising out of that business; (2) did business in the State of California, before this action was brought with respect to causes of action arising out of that business; and/or (3) does business in the State of California with respect to causes of action that do not arise from that business, but said business  is so continuous and substantial as to make the exercise of jurisdiction reasonable over her.

7.   Upon information and belief and thereupon so alleged, at all times relevant, Defendant CHRISTOPHER LOPEZ ("Lopez") is an individual residing in and doing business in the City of Schofield, State of Wisconsin. Upon information and belief and so alleged, Defendant Neufeld committed the acts complained of herein with the intention of causing effects in the County of San Diego, State of California.  Further, Plaintiff alleges that Defendant Lopez: (1) did and does business

in the State of California with respect to causes of action arising out of that business; (2) did business in the State of California, before this action was brought with respect to causes of action arising out of that business; and/or (3) does business in the State of California with respect to causes of action that do not arise from that business, but said business  is so continuous and substantial as to make the exercise of jurisdiction reasonable over him.

8.    Upon information and belief and thereupon so alleged, at all times relevant, Defendant MOHAMMED RANJI AKA "MO RANJI ("Ranji"), is an individual residing in and doing business in the City of Del Mar, County of San Diego, State of California. Upon information and belief and so alleged, Defendant Ranji committed the acts complained of herein with the intention of causing effects in the County of San Diego, State of California.  Further, Plaintiff alleges that Defendant Ranji: (1) did and does business in the State of California with respect to causes of action arising out of that business; (2) did business in the State of California, before this action was brought with respect to causes of action arising out of that business; and/or (3) does business in the State of California with respect to causes of action that do not arise from that business, but said business  is so continuous and substantial as to make the exercise of jurisdiction reasonable over him.

9.    Upon information and belief and thereupon so alleged, at all times relevant, Defendant JOHN DOE ("John Doe") is an individual or a business entity residing in and/or doing business in the City of San Diego, County of San Diego, State of California. Upon information and belief and so alleged, Defendant John Doe committed the acts complained of herein with the intention of causing effects in the County of San Diego, State of California.  Further, Plaintiff alleges that Defendant John Doe: (1) did and does business in the State of California with respect to causes of action arising out of that business; (2) did business in the State of California, before this action was brought with respect to causes of action arising out of that

business; and/or (3) does business in the State of California with respect to causes of action that do not arise from that business, but said business  is so continuous and substantial as to make the exercise of jurisdiction reasonable over him, her or it.

10.     The complete and true names, involvement and/or capacities, whether individual, corporate, professional, or otherwise, of the Defendants  are not presently fully known and/or are unknown to the Plaintiff who, therefore, sue said Defendants under such fictitious names. The true names and capacities, whether individual or otherwise, of these unknown defendants are unknown to Plaintiff, who use such fictitious names. Plaintiff is informed and believe that each of the Defendants is responsible in some manner for the acts or omissions alleged in this complaint, or otherwise caused them damages. Each of the Defendants was the agent or employee of the other Defendants, and in doing the acts alleged in this Complaint was acting in the course and scope of such agency and employment. Each of the defendants engaged in, joined in, conspired, and aided and abetted the other defendants in carrying out the wrongful acts alleged in this Complaint, and each defendant ratified and authorized the wrongful acts of the other Defendants. Plaintiff requests leave of this Court to amend this Complaint to set forth the true names, involvement, and/or capacities, whether individual, corporate, professional, or otherwise, when the same have been ascertained or adequate discovery is produced, provided and/or obtained. Plaintiff is further informed, believe, and based thereon allege that the unknown defendants have aided, abetted, directly or actively participated in, and/or ratified the conduct complained of herein. Plaintiff further alleges that all of the unknown defendants are responsible for and are a direct and legal cause in some manner of the events, happenings, tortuous conduct, malfeasance and damages complained of herein or referred to, which caused the injuries and damages to Plaintiff as set forth in this Complaint.

## JURISDICTION AND VENUE

11.     Plaintiff incorporates as though fully set forth herein the allegations

contained above in Paragraphs 1 through 10 of this Complaint as well as all allegations stated below in each cause of action in the Complaint.

12.     This Court has original subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331, because the claims at issue are governed by the laws of the United States.

13.     This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over other claims brought by Plaintiff because they form part of the same case or controversy as the claims over which this Court has original subject matter jurisdiction.

14.     This is an action for unfair competition. This is also a civil action which arises under Section 43(a) (15 U.S.C.§1125(a)) of the United States Trademark Act. Jurisdiction is based upon 15 U.S.C. Section 1121(a) and 28 U.S.C. Section 1331. It is also an action based upon 15 U.S.C.A. § 1125(a)(1)(B). Accordingly, this Court is also vested with subject matter jurisdiction under 15 U.S.C.A. § 1121.

15.     This Court has personal jurisdiction over Defendants because they reside, do business in, are located at, and/or are domiciled in the City of San Diego, County of San Diego, State of California.

16.     Venue in this judicial district is appropriate pursuant to 28 U.S.C. §1391(b)(2) in that a substantial part of the events or omissions giving rise to the claims occurred in this district. Separately, venue is also found pursuant to 28 U.S.C.§1391(b)(3) in that all Defendants are subject to the Court's personal jurisdiction and because Defendants reside in and are domiciled in California.

## NATURE OF THE ACTION

17.     This is an action for trade libel, trademark infringement, and unfair competition, and related claims, under federal and state law against Defendants.

## GENERAL ALLEGATIONS
## RELEVANT TO ALL CAUSES OF ACTION

18.     Plaintiff incorporates as though fully set forth herein the allegations

contained above in Paragraphs 1 through 17 of this Complaint as well as all allegations stated below in each cause of action in the Complaint.

### Doctor Multimedia

19.     Gopher Media LLC was formerly known as Local Clicks.

20.     Doctor Multimedia is the dba of Gopher Media LLC.

21.     Doctor Multimedia is a digital marketing agency which provides marketing and social media services to professionals including, medical doctors, dentists, and others.  It helps small businesses grow their online presence through paid and organic search enhancement. It gives small practices a bigger footprint on the world-wide web. Doctor Multimedia handles social media and reputation management, website content creation, email marketing, and SEO optimization for medical , optometry, dental, and veterinary professionals.

22.     Doctor Multimedia also handles the management of their clients' Pay Per Click (PPC) campaigns and Search Engine Optimization (SEO) efforts, to help their business grow online while allowing the busy professional to focus on the countless other challenges they face. Services include taking care of the research, building, optimizing, and analyzing a client's web presence and then suggesting ways to increase that presence.

### Roya

23.     Defendant Roya competes directly against DMM's business in the online website services and website marketing market. Rather than compete fairly, Defendant Roya, its officers, agents, and employees are engaged in an unfair and deceptive campaign to convince customers of online website services and website marketing market services to terminate their business relations with Plaintiff or not engage in any business with Plaintiff at all. Roya's intent is to unfairly steal customers and clients away from DMM by deceptive marketing practices as well as to cause consumer confusion by using DMM's trademarked name without permission.

24.     Upon information and belief and thereupon so alleged, Roya and DMM are competitors that operate in the highly competitive online healthcare services  and/or online website services and website/design marketing market targeted to medical professionals to include optometrists.

25.     Upon information and belief and thereupon so alleged, Roya routinely engages in an intentional, deliberate practice of disparaging and libeling its competitors or anyone it believes may or does compete with it.  Upon information and belief and thereupon so alleged, Roya routinely engages in the intentional, deliberate practice of disparaging and libeling its competitors as a marketing tool to market its business and steal clients away from its competitors.

26.      Upon information and belief and thereupon so alleged, Roya has and continues to target Doctor Multimedia customers to steal them from Plaintiff.

27.     Upon information and belief and thereupon so alleged, Roya and Ranji helped create and continue to operate the ODOF website as well as other websites for Bui, Neufeld, Phan and Lopez.

28.     Upon information and belief and thereupon so alleged, Roya and Ranji market ODOF as well as the optometry practices of Bui, Neufeld, Phan, and Lopez.

29.     Upon information and belief and thereupon so alleged, Roya and Ranji  created and continue to run the websites for the optometry practices of Bui, Neufeld, Phan, and Lopez.

30.     Upon information and belief and thereupon so alleged, Bui, Neufeld, Phan and Lopez have assisted Roya in its unfair marketing campaign to malign Plaintiff in exchange for benefit to include but not limited to free work, discounts, and/or other incentives.

**<u>Ranji</u>**

31.     Defendant Ranji was and is at all times relevant an officer, employee, and agent of Roya and its CEO. Upon information and belief and thereupon so

1    alleged, Ranji authorized, directed, approved of, and engaged in the acts

2    complained herein on his own behalf as well as on behalf of Roya.

3                                              **ODOF**

4            32.     On its website https://odsonfinance.com ("ODOF Website"), ODOF

5    claims to be a popular and rapidly growing community of over 24,500+

6    optometrists that provide advice on financial questions, tips on how to invest, tips

7    on how to invest student debt, and provide support and encouragement to

8    optometrists.

9            33.     ODOF also has a Facebook group and page called "ODs on Finance"

10   https://m.facebook.com/groups/537614853252118/  ("ODOF Facebook Page")

11   wherein members of ODOF and/or the optometrist community discuss topics

12   related to optometry, financial questions of optometrists, tips on how to invest for

13   optometrists, tips on how to invest student debt optometrists, and/or general topics

14   of interest in the optometry community.

15                                              **Bui**

16           34.     Bui is the CEO and Co-Founder of ODOF.  Bui is an optometrist who

17   helped start and continues to own, run, and/or operate ODOF and its Facebook

18   page.  Upon information and belief and thereupon so alleged, Bui is an employee,

19   officer, and agent of ODOF.

20                                            **Neufeld**

21           35.     Neufeld is the COO and Co-Founder of ODOF. Neufeld is an

22   optometrist who helped start and continues to own, run, and/or operate ODOF and

23   its Facebook page. Upon information and belief and thereupon so alleged, Neufeld

24   is an employee, officer, and agent of ODOF.

25                                              **Phan**

26           36.     Phan is an optometrist who helped start and continues to own, run,

27   and/or operate ODOF and its Facebook page.  She is listed as the "Marketing

28   Director" and "Real Estate Investor" of ODOF on its website. Upon information

and belief and thereupon so alleged, Phan is an employee, officer, and agent of ODOF.

### Lopez

37.     Lopez is an optometrist who helped start and continues to own, run, and/or operate ODOF and its Facebook page.  He is listed as the "Career Consultant" of ODOF on its website.  Upon information and belief and thereupon so alleged, Lopez is an employee, officer, and agent of ODOF.

### John Doe

38.     John Doe is an unknown business entity or individual who is believed to have created and distributed a libelous, defamatory letter about Plaintiff and its officers, agents, and/or employees. ("Letter").

39.     A copy of the letter is attached hereto as Exhibit A.  The Letter was sent to Plaintiff's clients in or around March of 2023 and continues to be distributed to the present.

40.     In the Letter, John Doe claims he/she/it is an "ex-employee."   Upon information and belief, the Letter is not actually from ex-employee, but rather a competitor who wants to unfairly compete against Plaintiff.  Upon information and belief, Roya, Ranji, and/or their agents, officers, or employees created the Letter.

41.     Upon information and belief and thereupon so alleged, the Letter was drafted and distributed by a competitor of Plaintiff and is believed to be Roya.

### The Unlawful Campaign To Smear Plaintiff and Steal Its Business

42.     Defendants have embarked in an unlawful campaign to convince potential and actual clients (and in particular optometrists and/or members of ODOF and/or the ODOF Facebook Page) to never use or stop using Plaintiff's services or to never be Plaintiff's clients.

43.     They have done this by, among other things, falsely alleging that Plaintiff's services are inferior, Plaintiff is untrustworthy, and Plaintiff engages in deceptive marketing practices.  Such allegations are maliciously false.

44.    Specifically,  Defendants have and continue to re-publish, distribute, and post portions of the Letter.

45.    In the Letter, John Doe makes all kinds of false, defamatory allegations about Plaintiff, its officers, its agents, its employees, and/or its representatives.  The Letter was sent by John Doe and/or Roya to all of Plaintiff's clients as well as to Bui, Neufeld, Phan, Lopez, and ODOF.  Portions of it were re-posted on the ODOF Facebook Page and the ODOF Website despite the knowledge of Bui, Neufeld, Phan, Lopez and ODOF that the Letter and the portions posted are false.  This is also despite the fact that Defendants did absolutely nothing to verify whether the contents of the Letter were true or not. This is also despite the potential or actual destruction the false allegations in the Letter may or have caused Plaintiff as a result of being re-posted, republished, and/or distributed.

46.    Upon information and belief, the true identity of John Doe is Roya and Ranji as well as other third parties who wish to use the allegations in the Letter to steal business away from Plaintiff and unfairly compete against Plaintiff.

47.    Upon information and belief and thereupon so alleged, Roya and Ranji have engaged Bui, Neufeld, Phan, and ODOF to assist them in their campaign to steal clients away from Plaintiff, to smear Plaintiff's reputation, and to compete unfairly against Plaintiff.

48.    Upon information and belief and thereupon so alleged, Bui, Neufeld, Phan, and ODOF have agreed to assist Roya and Ranji in exchange for free or discounted services from Roya and Ranji and/or other benefits, payments, or kickbacks.

49.    Defendants' unlawful conduct is causing and will continue to cause harm to Plaintiff. On information and belief, Plaintiff has lost sales and relationships with its clients as a result of Defendants' conduct and campaign of deception. This conduct, if not enjoined, will cause irreparable harm to Plaintiff's

**COMPLAINT**

business relationships.

50.     Defendants' schemes also infringe on Plaintiff's famous and distinctive trademark and name and confuse the consuming public.

51.     Defendants' schemes also diminish the goodwill associated with Plaintiff and its marks, injure Plaintiff's reputation, interfere with Plaintiff's business, and unjustly enrich Defendants.

52.     Upon information and belief and thereupon so alleged, Roya, at the behest of Ranji and/or with his authorization, routinely enlists its clients (to include ODOF, Bui, Neufeld, Phan, and Lopez), agents, officers and employees to make disparaging, false, and libelous statements about Plaintiff to potential or actual clients of Plaintiff.  Upon information and belief and thereupon so alleged, part of Roya's marketing strategy and client retention strategy is to routinely engage in such conduct so that clients will end their business with Plaintiff or will not become Plaintiff's clients in the first place.

53.     Plaintiff is informed and believes that since January of 2023 pr earlier, Defendants routinely have and continue to make false and defamatory statements about Plaintiff to cast Plaintiff's business in a bad light and tarnish its image and value.

54.     Defendants and each of them agreed to commit the acts alleged herein by planning and forming a conspiracy to commit the acts alleged herein.

55.     Plaintiff believes that at all times mentioned herein, each wrongful act by Defendants as alleged were done in furtherance of a common design, plan and scheme.  Accordingly, each Defendant conspirator is liable, regardless of the degree of his or her or its activity or relative culpability.

56.     As a direct and proximate result of Defendants' conspiracy to commit that acts alleged herein, Plaintiff has been damaged in an amount to be proven at the time of trial.

57.     The acts of the Defendants are malicious and done with intent to cause

injury to Plaintiff.

58.     Their conduct as alleged herein evidences a conscious and willful disregard for the rights of Plaintiff. Such conduct being wanton, and malicious entitles Plaintiff to an award of punitive and exemplary damages in an amount to be proven at trial with respect to those causes of action that allow for such damages to be so awarded under the law.

59.     Plaintiff has lost clients, profits, business, goodwill, and suffered other damages as result of the conduct of Defendants. Plaintiff has been damaged in amount of $1 million or more according to proof at time of trial.

60.     Defendants' intentional actions alleged were and are designed to induce Plaintiff's clients to breach their agreements with DMM, disrupt Plaintiff's business and dealings with its clients as well as potential clients, and impair Plaintiff's ability to do business or market its services to new clients.

61.     Upon information and belief, Defendants have convinced, inspired, and caused Plaintiff's current clients to: 1) delay or halt using Plaintiff's services; and, 2) to take their business to Roya or other competitors instead.

## FIRST CAUSE OF ACTION

## UNFAIR BUSINESS PRACTICES

### (ALL DEFENDANTS)

62.     Plaintiff incorporates as though fully set forth herein the allegations contained above in Paragraphs 1 through 61 of this Complaint as well as all allegations stated below in each cause of action in the Complaint.

63.     By the acts alleged in the preceding paragraphs, Defendants have committed business acts and practices that are "unlawful" and "unfair" in violation of the Unfair Competition Law ("UCL"), Business & Professions Code§ 17200 et seq.

64.     Plaintiff is a competitor of Roya.

65.     Ranji, Bui, Neufeld, Lopez and ODOF are all agents of Roya and/or

have and continue to act on its behalf.

66.    Defendants have engaged in unlawful, fraudulent and unfair business acts and practices. Such acts and practices include, but are not limited to, wrongfully disparaging the reputation of Plaintiff, encouraging Plaintiff's clients not to do business with Plaintiff under false pretenses to include the posting, re-posting, distributing, or re-publishing of the Letter to consumers (and in particular optometrists as well as members of ODOF), to Plaintiff's current or potential clients, on the ODOF Website, and on the ODOF Facebook Page.

67.    Defendants have committed such acts in order to promote their own businesses, practices, services, websites, Facebook pages, themselves, and/or Roya.

68.    Defendants' business acts and practices were unlawful and fraudulent in that a reasonable person would likely be deceived by the false allegations in the Letter and published, posted and/or distributed by Defendants.

69.    Defendants' business acts as alleged herein were unfair in that the substantial harm suffered by Plaintiff outweighs any justification that Defendants may have for engaging in those acts and practices.

70.    Plaintiff will be denied effective and complete remedy absent the relief requested herein.  Plaintiff has suffered and continues to suffer irreparable harm as a result of the activities alleged herein that cannot be adequately remedied at law unless Defendants and all persons acting with them, or on their behalf, are enjoined from engaging in further such acts of unfair competition.

71.    Such acts impair fair and honest competition and otherwise significantly harms competition in the market for Plaintiff's services.

72.    Defendants have been unjustly enriched by such unlawful and unfair practices and in addition to all other relief available should be made to account to Plaintiff for their profits and disgorge the same to Plaintiff.

73.    Plaintiff has been harmed as a result of Defendants' unlawful, unfair and fraudulent business acts and practices. Plaintiff is entitled to (a) recover

restitution, including without limitation, all benefits that Defendants received as a result of the unlawful, unfair or fraudulent business acts and practices and (b) an injunction restraining Defendants from engaging in further acts of unfair competition, as alleged herein.

74.     Defendants' acts of unfair competition has rendered Plaintiff incapable of being able to fairly compete for business in their business market(s).  As a result, Plaintiff has lost and continue to lose business and opportunities that they otherwise could have obtained to the detriment of Plaintiff and consumers at large who were deprived of the value pricing opportunities that Plaintiff could have delivered through open and free channels of business.

## SECOND CAUSE OF ACTION

## FALSE ADVERTISING UNDER SECTION 43(a)

## OF THE LANHAM ACT

**(AGAINSTALL DEFENDANTS)**

75.     Plaintiff incorporates as though fully set forth herein the allegations contained above in Paragraphs 1 through 74 of this Complaint as well as all allegations stated below in each cause of action in the Complaint.

76.     The Lanham Act, 15 U.S.C.A. § 1125(a)(1)(B), prohibits the use in commercial advertising or promotions of "any word, term, name, symbol or device, or any combination thereof, or any … false or misleading description of fact, or false or misleading representation of fact" that "misrepresents the nature, characteristics, qualities, or geographic origin of his or her or another person's goods, services, or commercial activities." The Lanham Act also authorizes "any person who believes that he or she is or is likely to be damaged by" such a violation to file a civil action for an injunction and compensatory damages.

77.     Defendants, in connection with goods and services distributed in commerce, have made and are continuing to make false, deceptive and misleading descriptions and representations of fact in commercial advertising and promotion,

which misrepresent the nature, characteristics and qualities of Plaintiff's goods, services and commercial activities, in violation of 15 U.S.C.A. §§ 1125(a).

78.     In an attempt to harm Plaintiff and steal their clients, Defendants through its officers, employees and agents, have and continue to make false and disparaging statements concerning Plaintiff as well as distribute, re-publish, and post the Letter in total or in part to Plaintiff's clients, on the ODOF website, and on the ODOF Facebook Page.

79.     Upon information and belief and thereupon so alleged, Defendants specifically use and point to Plaintiff's business name and website to make its deceptive statements to the public.

80.     Defendants also have and continue to approach potential and current clients of Plaintiff and "warn" them against doing business with or using the services of Plaintiff in order to promote their own businesses and/or to promote that of Roya. Defendants tell potential and current clients of Plaintiff that the CEO of Plaintiff is not trustworthy, that Plaintiff cheats or defrauds its clients, that Plaintiff's services are not reliable, that the CEO of Plaintiff's business was convicted of a felony (he was not), and that Plaintiff as well as its officers and employees routinely engage in unethical or criminal behavior.  All of these things are false.

81.     They also repeat the allegations in the Letter which they know are not true.

82.     Plaintiff has lost business as a result of these false representations about Plaintiff and its business.

83.     Defendants' violations have injured and will continue to injure Plaintiff and the public, causing deception, confusion and damage in an amount that cannot presently be ascertained.

84.     Defendants have and will violate 15 U.S.C.A. §§ 1125(a) by misrepresenting the nature, characteristics, and qualities of Plaintiff's services and business.

85.     The statements made by Defendants have all been made in interstate commerce.

86.     These misrepresentations are material and are reasonably relied on by potential or actual clients seeking the type of services provided by Plaintiff. These representations will cause potential or actual clients of Plaintiff to not do business with Plaintiff.   The misrepresentations are also intended to cause clients to do business with Roya or other competitors instead of Plaintiff.    These misrepresentations have harmed and will harm Plaintiff in terms of lost revenue and goodwill.

87.     The statements of Defendants at issue herein actually deceived or has the tendency to deceive a substantial segment of its audience. The deceptions by Defendants are material, in that they are likely to influence the purchasing decision of the public and/or consumers.

88.     Defendants caused their false statement to enter interstate commerce. Plaintiff has been or is likely to be injured as a result of the false statements by Defendants, either by direct diversion of sales from itself to Roya or by a lessening of the goodwill associated with its products or services.

89.     Plaintiff therefore is entitled, under the Lanham Act, to an injunction and damages.

90.     Defendants' acts of false advertising and unfair competition have caused irreparable injury to Plaintiff and, unless restrained, will cause further irreparable injury, leaving Plaintiff with no adequate remedy at law.

91.     By reason of the above, Plaintiff is entitled to permanent injunctive relief against Defendants restraining further acts of false advertising and unfair competition and requiring Defendants to correct its false and misleading statements, and to recover damages caused by reason of Defendants' acts in an amount to be determined at trial.

## THIRD CAUSE OF ACTION

## COMMERCIAL DEFAMATION/TRADE LIBEL

### (ALL DEFENDANTS)

92.    Plaintiff incorporates as though fully set forth herein the allegations contained above in Paragraphs 1 through 91 of this Complaint as well as all allegations stated below in each cause of action in the Complaint.

93.    Defendants' statements  and republication of the Letter as alleged in above, were slanderous per se under California Civil Code Section 46 in that such statements impute to Plaintiff a lack of professional competence, a lack of integrity, and lack of trustworthiness.

94.    Defendants also have and continue to approach potential and current clients of Plaintiff and "warn" them against doing business with or using the services of Plaintiff.  Defendants tell potential and current clients of Plaintiff that the CEO of Plaintiff is not trustworthy, that Plaintiff cheats or defrauds its clients, that Plaintiff's services are not reliable, that the CEO of Plaintiff's business was convicted of a felony (he was not), that the CEO of Plaintiff's business has committed crimes, and that Plaintiff as well as its officers and employees routinely engage in unethical or criminal behavior. Defendants also spread the lies in the Letter online and to potential and/or actual clients of Plaintiffs.  All of these things are false.

95.    Plaintiff has lost business as a result of these false representations about Plaintiff and its business.

96.    As a direct, proximate, and foreseeable result of Defendants' unlawful conduct, as alleged above Plaintiff has suffered damages to date in an amount not now known.

97.    Plaintiff is informed and believes, and based thereon alleges, that Defendants have acted with oppression, fraud, and/or malice, and have deliberately caused and have intended to cause great economic harm to Plaintiff with full knowledge of the wrongfulness of their conduct.

98.    Plaintiff is  further informed and believes, and based thereon alleges,

that Defendants' conduct as alleged above was despicable, was carried on by Defendants with a willful and conscious disregard of Plaintiff's rights, and subjected Plaintiff to unjust hardship. Therefore, Plaintiff should be awarded punitive and exemplary damages sufficient to punish Defendants for engaging in this conduct and to deter similar conduct on their part in the future. Defendants acted with malice, oppression and in conscious disregard of, and with deliberate difference to the harm their conduct might cause, and punitive damages are necessary to deter them from similar conduct in the future.

## FOURTH CAUSE OF ACTION
## TRADEMARK INFRINGEMENT
### (ALL DEFENDANTS)

99.    Plaintiff incorporates as though fully set forth herein the allegations contained above in Paragraphs 1 through 98 of this Complaint as well as all allegations stated below in each cause of action in the Complaint.

100.   Prior to any acts of Defendants as set forth herein, Plaintiff had selected the mark "Doctor Multimedia" at least as early as 2016 or earlier, for use in identifying  its business.

101.   Plaintiff has used the trademark "Doctor Multimedia" in interstate commerce, beginning at least as early as 2016 or earlier, to identify its business and in advertising its services as well as business.

102.   Plaintiff is the owner of federal trademark for the trademark "Doctor Multimedia" for use to identify Plaintiff's business and the services it provides.

103.   Subsequent to Plaintiff's adoption and use of the trademark "Doctor Multimedia" to identify Plaintiff's business, Defendants have used and prominently displayed a mark, business name, trade name, and domain site name in letters to clients or potential clients of Plaintiff, on the ODOF website, and/or on the ODOF Facebook Page.

104.   These acts were done in an attempt to confuse the public, confuse

consumers, confuse clients, divert actual or potential clients away from Plaintiff, and/or to disparage Plaintiff.

105.     In violation of 15 U.S.C.A. § 1125(a), Defendants have used or caused to be used the mark "Doctor Multimedia" directly or indirectly in interstate commerce and in a manner that affects interstate commerce including the use of the mark or name "Doctor Multimedia" on their websites, in social media, and/or in advertisement materials in various states throughout the United States to include California.

106.     The actions of Defendants, as referred to above, were done for the purpose of unlawfully appropriating and trading on the goodwill, business, clients, and reputation that have been developed by Plaintiff under the trademark "Doctor Multimedia."

107.     Unless Defendants are enjoined from all actions which relate in any manner to the use of the mark "Doctor Multimedia" without permission, Plaintiff will suffer immediate and irreparable harm and injury.

108.     Defendants have benefited and profited in an unknown amount from the use of the mark "Doctor Multimedia", and Plaintiff has suffered damages in an amount to be determined at trial but estimated to be at least $1 million.

109.     The above-mentioned acts of Defendants were willful and without any claim of right and were attended by circumstances of fraud, malice, or a wanton and reckless disregard of Plaintiff's 's rights, entitling Plaintiff to exemplary damages.

110.     On information and belief, Defendants' trademark infringement will continue unless enjoined by this Court. Pursuant to 15 U.S.C.A. § 1116, Plaintiff seeks a preliminary and permanent injunction against further trademark infringement by Defendants.

111.     Defendants' acts of trademark infringement have damaged Plaintiff in an amount to be determined at trial. Pursuant to 15 U.S.C.A. § 1117, Plaintiff is entitled to, among other things, seek Defendants' profits, actual damages, and costs

of this action and such additional relief as may be deemed appropriate and awarded by this Court.

112.    Defendants' acts of trademark infringement have been and continue to be deliberate and willful and warrant an award of enhanced damages. Accordingly, Plaintiff is entitled to and seek a finding that this case is exceptional and warrants an award of treble damages and attorneys' fees pursuant to 15 U.S.C.A. § 1117.

**WHEREFORE**, Plaintiff prays for relief and judgment as follows:

1.    For a temporary restraining order and permanent injunction enjoining Defendants and any person or entity acting in concert with them from:

(a) For a temporary restraining order and permanent injunction enjoining Defendants, and all those in active concert or participation with Defendants (including, but not limited to, officers, directors, agents, servants, wholesalers, distributors, retailers, employees, representatives, attorneys, agents, independent contractors, subsidiaries, related companies, successors, assigns and contracting parties) from distributing, publishing, broadcasting or otherwise disseminating, in any manner or in any medium, any claims stating, suggesting or implying, directly or indirectly, that Plaintiff is not a reputable businesses or that their employees, owners, officers, or agents are not reputable, are criminals, and/or are untrustworthy;

(b)    For a temporary restraining order and permanent injunction requiring Defendants to withdraw and recall from its sales representatives and any and all channels of distribution any letters, website postings, flyers, advertising, promotional materials, office display materials, the Letter, or any other matter distributed by it or on its behalf bearing any descriptions or representations constituting false advertising concerning Plaintiff, their services, or their business.

(c)    For a temporary restraining order and permanent injunction requiring Defendants and those in active concert or participation with Defendants

(including, but not limited to, officers, directors, agents, servants, wholesalers, distributors, retailers, employees, representatives, attorneys, subsidiaries, related companies, successors,  assigns and contracting parties) to take affirmative steps to dispel such false impressions that have been created by the false advertising campaign described above, including, but not limited to, notifying all clients exposed to the false claims described above that the statements were and are false;

(d)     For a temporary restraining order and permanent injunction requiring Defendants to take down all postings on the ODOF Website and ODOF Facebook Page all of portions and/or all of the Letter as well as comments about it; and,

(e)     For a temporary restraining order and permanent injunction requiring Defendants to stop using the trademarked name of "Doctor Multimedia" on their websites, in their social media accounts, in advertising, and in promotions.

2.     For an award of actual and compensatory damages in an amount to be proven at trial.

3.     For restitution of all money wrongfully obtained by Defendants by means of and in connection with the alleged wrongful, unfair, and fraudulent conduct and business practices alleged herein.

4.     For punitive and exemplary damages according to proof;

5.     For damages in the amount of $1 million or more according to proof;

6.     Pre-and post-judgment interest on its damages, together with all costs and expenses; and,

7.     Awarding such other relief as this Court may deem just and proper.

DATED:  May 5, 2023

/s/Pamela C. Chalk
Pamela C. Chalk, Esq.
Attorneys for Plaintiff

## **JURY DEMAND**

Plaintiff demands a trial by jury as to all claims so triable.

DATED:  May 5, 2023

/s/Pamela C. Chalk
Pamela C. Chalk, Esq.
Attorneys for Plaintiff

# EXHIBIT A

Shame on you for supporting Doctor Multimedia. Before you write them another check, please read below:

1. I am a disgruntled Ex-Employee of Doctor Multimedia/ Take the following with a grain of salt if you want, but now you have been informed

2. Doctor Multimedia, and all of their brands in disguise, (Jet Digital, Cullinan Digital, Gopher Media, and many more) are owned by a conman. His current name: Ace Rogers. The name he used to go by before was AJ, and one before that was Ajay Thakore.

3. AJ/Ajay Thakore/Ace Rogers:
   a. Faked his own death in the past
   b. Slashed employees tires with a knife
   c. Would frequently bring gun to the office to intimidate us
   d. Arrested in San Diego - June 20, 2019 - Exhibit Deadly Weapon
   e. Stole Credit Card information of competitors clients by pretending to be calling from the competitors office
   f. Claims his money comes from gambling. But is under investigation for Credit Card Fraud. Have you experienced any unauthorized charges on your credit card since you became a client? Now you know who was behind it.
   g. A Wolf of Wall Street Wannabe, actually hired Jordan Belfort, the real "Wolf of Wall Street" to train sales staff and bragged about it by issuing a Press Release! Search it before he takes it down.

4. We were trained to sell basic free Wordpress templates and pretend that we were selling a custom solution. Shame on us for not knowing better at the time.

5. Your medical website is not HIPPA compliant. Your patient data is not protected. We did not host any of the data ourselves. Everything was done by our sub-contractors in India or other third party service providers!

I know as a Doctor, you do not have enough time to properly research every vendor. This one, requires some research as it puts your financial and patient data at risk. Dig deep past the fake reviews to find the truth about who you are supporting with every payment!

Do not go down with this ship. I jumped the ship and so should you!

p.s. I am not proud of sending this anonymously, but he is known to retaliate and is out of control! It is best to distance yourself silently.